# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **LOUIS VICIEDO,** : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. 2:08-CV-1068 |
| v. : | |
| : | Judge Marbley |
| **DEXXXON DIGITAL STORAGE, INC.,** : | |
| : | Magistrate Judge Kemp |
| Defendant. : | |

## ORDER

This matter is before the Court on Defendant Dexxxon Digital Storage, Inc.'s ("Defendant's or Dexxxon's") Motion for Temporary Restraining Order against Plaintiff Louis Viciedo ("Plaintiff"). A preliminary informal conference on Defendant's Motion was held with all parties on November 26, 2008, pursuant to S.D. Ohio Civ. R. 65.1(a)

Upon consideration of Defendant's Verified Counterclaim and hearing the arguments of the parties, the Court finds that (a) Plaintiff's actions, unless restrained, will cause immediate and irreparable harm to Defendant's business, including its competitive advantage in the marketplace, for which harm it has no adequate remedy at law; (b) Defendant has demonstrated a likelihood of success on the merits; (c) all requirements of Federal Rule of Civil Procedure 65 and S.D. Ohio Civ. R. 65.1(a) have been satisfied and adequate notice of Defendant's motion for a temporary restraining order has been given to Plaintiff; and (d) a temporary restraining order is proper to maintain the status quo and prevent irreparable harm.

It is therefore **ORDERED,** that, for so long as this Order remains in effect:

(1) Plaintiff shall abide by the terms of his Agreement Regarding Certain Terms and Conditions of Employment Agreement, signed July 5, 2005, attached as Exhibit A to the Verified Counterclaim, except as modified by paragraph 2 below.

(2) Plaintiff may continue to work for Digitek Computer Products ("Digitek"), but may only be involved in ink and toner sales to non-Dexxxon customers. Plaintiff cannot engage in any sales or solicit sales involving magnetic media, digital media storage, data storage media and related hardware.

(3) Plaintiff shall not, directly or indirectly, solicit, divert, pirate, take away, or interfere with any customer of Defendant and shall refrain from using or disclosing Defendant's confidential and proprietary information relating to Defendant's customers.

(4) Plaintiff shall immediately return all confidential, proprietary information of Defendant, including but not limited to customer and sales information and shall not retain any electronic or hard copies of such information.

(5) Plaintiff shall retain customer and sales information related to the sale and promotion of any media product on behalf of Digitek.

This Order shall remain in effect until December 5, 2008, at 5:00 p.m. Bond shall be set at $7,200.00.

The Court further orders that a preliminary injunction hearing shall be held on **December 5, 2008 at 1:00 p.m.** The briefing schedule for that hearing, to include only opening and reply briefs, will be as follows:

**December 1, 2008**: opening briefs from both Parties not to exceed 15 pages in length are due.

**December 3, 2008, at 12:00 p.m.**: any reply briefs, not to exceed 5 pages in length are due.

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**United States District Court Judge**

**DATE: November 26, 2008**