**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LOUIS VICIEDO, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 2:08-CV-1068 |
| v. | : | |
| | : | Judge Marbley |
| DEXXXON DIGITAL STORAGE, INC., | : | |
| | : | Magistrate Judge Kemp |
| Defendant. | : | |

## STIPULATED PROTECTIVE ORDER

The parties assert that certain documents and information at issue in this case or sought by the parties in discovery contain confidential or proprietary information concerning the parties' businesses and require protection against unrestricted disclosure and use. The parties to this action have agreed to enter into this Protective Order to provide each other with protection against unrestricted disclosure and use. Therefore, it is hereby ORDERED as follows:

1.    CONFIDENTIAL documents, information, or testimony, for purposes of this Order, means any document, information, or testimony that constitutes trade secret or other confidential research, development, proprietary or commercial information and has been designated by any party as CONFIDENTIAL or as part of the record regardless of whether said designation is made in sworn testimony, in documents produced in formal or informal discovery, at a hearing, trial, or in any documents submitted to the Court.

2.    All documents, information, or testimony designated as CONFIDENTIAL shall be produced during discovery provided that: (a) such documents, information, and testimony shall be used and disclosed only in trial, preparation for trial, or any appeal in this action, shall not be used for competitive or business purposes and shall not be used or disclosed by any party or person

subject to this Order for any other purposes whatsoever and (b) all such documents and information or copies or written or typed summaries thereof will remain at all times during the course of this action in the custody of the parties' counsel (unless filed with the Court as described in paragraph 6 of this Order) until returned pursuant to paragraph 5 of this Order.

3. Documents and information deemed by any party to be confidential under this Order shall have endorsed on the document and/or any copies provided to opposing counsel the word "CONFIDENTIAL." Testimony deemed to be confidential under this Order shall be so designated on the record and such testimony shall be separately recorded and maintained by the stenographic reporter subject to the other provisions of this Order. The failure to challenge the designation of CONFIDENTIAL at the time of its disclosure shall not be deemed a waiver of the right to challenge the propriety of such designation any time thereafter. The failure to designate documents, information, or testimony as CONFIDENTIAL at the time of production or revelation shall not preclude later designation. Nothing in this Stipulated Protective Order shall prevent any Party from seeking modification of this Stipulated Protective Order, or from objecting to discovery that it believes to be otherwise improper.4. Documents or the substance or contents of documents and information designated as CONFIDENTIAL as well as all notices and memoranda relating thereto, and information derived therefrom, shall be used and disclosed only in trial, preparation for trial, or any appeal in this action and only to the following persons:

(a) Louis Viciedo, party representatives for Dexxxon Digital Storage, Inc., and counsel for the parties;

(b) Experts or other individuals retained or otherwise engaged by either party for purposes of testifying in this action;

(c) a deponent, provided the deponent has executed the agreement attached as Exhibit A hereto;

(d)   a witness at trial, provided the witness has executed <u>the agreement attached as Exhibit A hereto</u>;

(e)   counsel for a deponent or trial witness who has executed <u>the agreement attached as Exhibit A hereto</u>;

(f)   Employees of counsel of record for the parties or associate or co-counsel of the parties or testifying experts who provide services of any kind for purposes of trial, preparation for trial, or appeal in this action; and

(g)   Judges and juries and stenographic reporters to the extent necessarily incident to trial, preparation for trial, or appeal.

<u>The parties agree that disclosure to the persons described in (a)-(c) above is conditioned upon those persons being bound by the terms of this Order.  The parties further agree that disclosure by counsel to any person described in (b) above is conditioned upon that person having executed the agreement attached as Exhibit A hereto</u> and that counsel will file all agreements so executed with the Court on or before the date that the parties file the Final Pretrial Order.

5.   CONFIDENTIAL documents produced or certain testimony may also be designated as CONFIDENTIAL - ATTORNEY EYES ONLY.  Such documents may be viewed only by counsel until such time as the parties agree or the Court orders otherwise.  Further, counsel shall not communicate to anyone about such documents or testimony or reveal the contents of such documents or testimony except as provided in this Order.

6.   Within thirty (30) days of the termination of this action, whether by judgment, final decision on appeal, or otherwise, all Confidential Discovery Material, all copies thereof, shall be (at the Receiving Party's option) either destroyed or returned to the Producing Party.  Parties and counsel may retain copies of any papers filed with the Court in this action which contain Confidential Discovery Material provided such papers are maintained in accordance with the restrictions contained in this Stipulated Protective Order.  Parties and their counsel may retain notes and correspondence containing or making reference to Confidential Discovery Material, provided

such notes and correspondence are maintained in accordance with the restrictions contained in this Stipulated Protective Order.

7.     All documents or parts thereof or testimony directly relating thereto that have been designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEY EYES ONLY and that are submitted to the Court prior to trial shall be contained in a sealed envelope or envelopes on which shall be noted the caption of this case, the nature of the contents, the word CONFIDENTIAL and the following statement:

> This envelope contains material that was filed by [name of party] in Case No. 2:08-CV-1068 and is not to be opened by, nor may its contents be displayed or revealed to, anyone other than the Court or counsel in this case, except as otherwise directed by this Court.

Such sealed documents shall be maintained in such condition by the Clerk subject to access and use for this action by the Court or counsel.

8.     Plaintiff will make his personal Dell desktop computer and his Dell laptop computer, and Blackberry Curve (collectively, "Plaintiff's Devices") immediately available at his counsel's office for imaging  by a third party ("Defendant's Vendor") to be determined by Defendant's counsel.  Defendant will make all computer(s) and/or cell phone(s), in Defendant's possession, custody and control, that were used by Plaintiff at any time during his employment with Defendant (collectively, "Defendant's Devices") immediately available at its counsel's office for imaging by a third-party vendor ("Plaintiff's Vendor") to be determined by Plaintiff's counsel.  In addition, Defendant will also produce the emails it presented to the Court at the November 26, 2008 hearing in their original native format.

Plaintiff represents and warrants that he has not taken any actions that could damage the electronically stored information (the "ESI") resident on Plaintiff's Devices and agrees that no

such actions will be taken between the time that Defendant's Vendor takes possession of Plaintiff's Devices.

Defendant represents and warrants that it has not taken any actions that could damage the relevant ESI, including the emails, and the ESI resident on Defendant's Devices and agrees that no such actions will be taken between the time that Plaintiff's Vendor takes possession of Defendant's Devices.

9.  Defendant will enter into an agreement with Defendant's Vendor whereby Defendant's Vendor will, at Defendant's expense:

(a)  Make two or more, as Defendant directs, exact images of the ESI (the "Copy" or "Copies"); and

(b)  Provide Plaintiff's counsel with a Copy no later than 1 calendar day after Defendant's Vendor images the Plaintiff's Devices at Plaintiff's counsel's offices.

10.  The process by which Defendant's Vendor creates exact images of Plaintiff's Devices shall take place at the offices of Plaintiff's counsel. Plaintiff's counsel and/or Plaintiff's designated computer expert shall be entitled to observe Defendant's Vendor's imaging process of Plaintiff's Devices.

11.  Upon receiving the Copy from Defendant's Vendor, Plaintiff may review the ESI for the purpose of identifying any communications he believes to be attorney/client privileged and personal confidential financial records. If he finds any such privileged communications or personal financial records, Plaintiff will identify them to Defendant in a privilege/redaction log containing the following information with respect to each communication:

(a)  Date document was created;

(b)  Title of document including document extension;

(c)      Author of document;

(d)      Recipient of document; and

(e)      Exact file location of document.

Plaintiff agrees that in reviewing the Plaintiff's Devices he is bound by the same confidentiality obligations with respect to Defendant business information as agreed to in his Agreement Regarding Certain Terms and Conditions of Employment Agreement, signed July 5, 2005. Plaintiff agrees that he will not delete, destroy, revise, modify, or otherwise alter any of the ESI.

12.      Immediately upon completion of the review described in paragraph 11 above, and not later than 2 calendar days after provision of the Copy to Plaintiff's counsel, Defendant's Vendor will deliver a Copy to the offices of Squire, Sanders and Dempsey L.L.P., 41 South High Street, 2000 Huntington Center, Columbus, Ohio 43215. Defendant's Vendor will remove all privileged information and confidential financial records from the Copy or Copies, described above, which Defendant's Vendor delivers to Defendant. Defendant's Vendor will not be permitted to provide any privileged or redacted information to Defendant identified by Plaintiff in the privilege/redaction log described in paragraph 11 above unless and until the Parties agree to such review, in writing delivered to Defendant's Vendor, or a court or other adjudicatory body of competent jurisdiction so orders.

13.      Plaintiff's inspection and discovery of ESI from Defendant, as described in paragraph 8 above will be conducted in accordance with the same procedures set forth in paragraphs 10-12 above.

14.      In entering this Agreement and complying with the obligations hereunder, neither Party waives any rights, obligations, or arguments it may have with respect to the Plaintiff's and Defendant's Devices or the ESI. The spirit and intent of this Agreement is to ensure preservation

of the ESI, after which the Parties will continue to resolve any disagreements they may about the

Plaintiff's and Defendant's Devices or the ESI through informal or other means.

FOR GOOD CAUSE, IT IS SO ORDERED this <u>3rd</u> day of December, 2008.


 s/Algenon L. Marbley

Judge Algenon L. Marbley


Agreed to by Counsel:

/s/ Susan M. DiMickele

Susan M. DiMickele (0064837)

Trial Attorney

Amy Ruth Ita (0074520)

SQUIRE, SANDERS & DEMPSEY L.L.P.

41 South High Street, Suite 2000

Columbus, Ohio 43215

(614) 365-2700

(614) 365-2499 (facsimile)

sdimickele@ssd.com

aita@ssd.com

Attorneys for Defendant

/s/ John W. Ferron

John W. Ferron, Trial Attorney (0024532)

Lisa A. Wafer, Of Counsel (0074034)

Jessica G. Fallon, Of Counsel (0079169)

FERRON & ASSOCIATES, LPA

580 North Fourth Street, Suite 450

Columbus, Ohio 43215

(614) 228-5225, 228-3255 fax

jferron@ferronlaw.com

lwafer@ferronlaw.com

jfallon@ferronlaw.com

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LOUIS VICIEDO,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action No. 2:08-CV-1068** |
| **v.** | : | |
| | : | **Judge Marbley** |
| **DEXXXON DIGITAL STORAGE, INC.,** | : | |
| | : | **Magistrate Judge Kemp** |
| **Defendant.** | : | |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**
**EXHIBIT A**

I, _____, the undersigned, hereby acknowledge that I have received a copy of the Agreed Protective Order ("Order") entered in this action, which is attached hereto as Exhibit 1, have read the Order and agree to be bound by all of the provisions in it. I recognize that during my participation in this case, I may have occasion to read or hear matters which are designated "Confidential." I agree not to disclose any such confidential matter to any person not entitled to receive disclosure of same under the provisions of such Order and to use any such confidential matter solely in connection with my participation in this case. I also agree to return to counsel for the party supplying documents to me, in accordance with the Order, any such confidential materials as soon as my participation in the case is concluded.

Dated: _____

_____
Signature

_____
Print Name

_____
Print Address